IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lewis Thomas, III,                :

    Plaintiff,              :

  v.                              :     Case No. 2:08-cv-938

Karen Smith, et al.,              :     JUDGE MARBLEY

    Defendants.             :

## ORDER AND REPORT AND RECOMMENDATION

    Lewis Thomas III, a state prisoner, commenced this action against various employees of the Ohio Department of Rehabilitation and Correction seeking damages and injunctive relief. Several motions are now pending before the Court. Defendants Terry Collins and D. Timmerman-Cooper have moved for judgment on the pleadings. Defendants Collins and Timmerman-Cooper further request that the Court stay all discovery with respect to them until their motion for judgment on the pleadings is resolved. Defendants Michelle Gray and Mark Harper filed a motion for summary judgment. Mr. Thomas filed a memorandum in opposition to each of these motions and also moved to strike defendants Gray's and Harper's summary judgment motion. In addition, Mr. Thomas filed a motion to compel discovery which the defendants oppose.

    For the following reasons, the Court will deny Mr. Thomas' motions to compel (#28) and to strike (#37). The Court will recommend that the motion for judgment on the pleadings (#30) and the motion for summary judgment (#36) be granted. In the event this Report and Recommendation is adopted, defendants Collins' and Timmerman-Cooper's motion to stay discovery (#31) will be moot.

## I. Plaintiff's Complaint

In his complaint, Mr. Thomas asserts both federal and state claims arising out of a tuberculosis screening test given to him by defendant Gray, a nurse employed at the London Correctional Institution, in October 2007. He alleges that defendant Gray administered the test under orders from Karen Smith, the health care administrator at LCI, despite the fact that he repeatedly informed defendant Gray and defendant Harper, his unit manager, that he was allergic to the TB shot. Mr. Thomas states that he offered to undergo a chest x-ray or a sputum test as an alternative to the injection, but that defendants Gray and Harper told him he would be placed in the hole if he refused to take the shot. Mr. Thomas claims that he suffered a severe reaction three or four days after the screening test.

In his first claim for relief, Mr. Thomas asserts that defendants Smith, Gray, and Harper forced him to undergo medical testing in the form of a TB shot even though he was allergic to the shot. In his second claim, he maintains that defendants Smith, Gray, and Harper, by refusing to provide him with alternative testing to detect TB, were deliberately indifferent to his medical needs. Count three states a claim for medical malpractice against defendants Smith and Gray for falsifying his medical records and/or for failing to keep accurate data in his medical file with respect to his allergy to the TB shot. His fourth and fifth claims aver that defendants Collins, the Director of ODRC, and defendant Timmerman-Cooper, the warden at LCI, are responsible for the safety and care of inmates, the hiring and training of prison personnel, and the approval of health and medical policies.

Defendant Smith was apparently never served with the complaint and summons as she has been on disability leave since July 25, 2008. See December 1, 2008 letter from ODRC to U.S. Marshals Service (#9).

## II. Plaintiff's Motion to Compel

On October 7, 2009, Mr. Thomas sought an order to compel the defendants to answer certain interrogatories. Mr. Thomas states in his motion that he has acted in good faith to resolve this matter and has agreed on a number of occasions to grant the defendants' counsel additional time to comply with his discovery requests. Mr. Thomas does not, however, aver that he exhausted all extrajudicial means for resolving the parties' differences before filing his motion to compel. See S.D. Ohio Civ. R. 37.1. Moreover, the motion is not accompanied by the certification and memorandum in support as required by local rule.

Attached to his motion to compel are two letters. In a letter dated May 3, 2009, Mr. Thomas acknowledges to defendants' counsel his failure, as a pro se litigant, to provide the appropriate space for answering the interrogatories, see S.D. Ohio Civ. R. 26.1, but maintains that this is a minor issue given the fact that the defendants would, in any event, have to rewrite the questions and answers. He further agrees in this letter to provide an additional 45 days for the defendants to respond to his interrogatories. In the second letter, defendants' counsel informs Mr. Thomas that she is moving for an extension of the discovery deadline and that she will provides answers to his interrogatories by September 30, 2009.

In her response to the motion to compel, defendants' counsel maintain that Mr. Thomas has already been provided with all of the documents he requested. She also promises to provide answers to his interrogatories (at least with respect to defendants Gray and Harper) to the extent that the information requested does not pose a security risk and can be identified by counsel. Counsel further states that defendants Collins and Timmerman-Cooper, who have filed a motion to stay discovery, will respond to the interrogatories at a later date should the Court deny their

motion for judgment on the pleadings.

Mr. Thomas did not file a reply in support of his motion to compel, but in his response to defendants Gray's and Harper's motion for summary judgment he did refer to the defendants' alleged failure to comply with his request for production of his medical records and to answer his interrogatories.  In their reply in support of summary judgment, defendants Gray and Harper maintain that Mr. Thomas was given copies of all relevant portions of his medical file.  Attached to their reply is a copy of Defendants' Response to Plaintiff's First Request for Production of Documents.

There is nothing in the present record to indicate which interrogatories have not been answered, if any, and what document requests may still be outstanding.  Without this information, the Court is not in a position to determine the merits of Mr. Thomas' motion to compel.  This factor together with the deficiencies previously noted in both the discovery requests themselves and the motion to compel lead the Court to conclude that the motion should not be granted.  Accordingly, the Court denies Mr. Thomas' motion to compel.

### III. Plaintiff's Motion to Strike

Mr. Thomas has also moved to strike the motion for summary judgment filed by defendants Gray and Harper.  As grounds for the motion to strike, he asserts that the summary judgment motion was filed after the deadline for filing such motions.  The scheduling order (#24) entered by the Court required that any motions for summary judgment be filed no later than October 31, 2009.  On October 27, 2009, the defendants requested a thirty-day extension of this deadline which the Court granted.  Defendants Gray and Harper then filed their motion for summary judgment on November 30, 2009.  Because their motion was filed prior to expiration of the deadline as extended, it was timely.  Accordingly, the Court

denies Mr. Thomas' motion to strike.

  IV. <u>Defendants' Motion for Judgment on the Pleadings</u>

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. <u>Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 479 F.2d 478, 480 (6th Cir. 1973). <u>Pro se</u> complaints are to be construed liberally in favor of the <u>pro se</u> party. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

The motion for judgment on the pleadings filed by defendants Collins and Timmerman-Cooper appears to be aimed solely at any constitutional claims asserted against them by Mr. Thomas. In their motion, these defendants argue that in order to state a claim under 42 U.S.C. §1983 against supervisory personnel, a plaintiff must allege that the supervisors either participated in or encouraged the purported unconstitutional acts. Because the complaint alleges only that they are responsible for the safety and care of inmates, the hiring and training of prison staff, and the approval of health and medical policies within the prisons, defendants Collins and Timmerman-Cooper contend that it fails to state a claim against them under §1983. In his memorandum in opposition, Mr. Thomas maintains that defendants Collins and Timmerman-Cooper were aware of the lack of proper medical treatment at LCI based on the facts of a prior federal class action lawsuit.

Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of <u>respondeat superior</u>, are necessary in order to

hold an individual defendant liable under §1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).  Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim.  Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See also <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984).  This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior.  See <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); <u>see</u> <u>also</u> <u>Stewart v. Taft</u>, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

In reviewing defendants Collins' and Timmerman-Cooper's motion for judgment on the pleadings, the Court has accepted as true all well-pleaded factual allegations in the complaint and given appropriate consideration to Mr. Thomas' <u>pro</u> <u>se</u> status. Having done so, it is clear that defendants Collins and Timmerman-Cooper are nevertheless entitled to judgment on the plaintiff's §1983 claim.

Mr. Thomas does not allege that these defendants participated in, or encouraged, the actual decision to administer the TB shot where viable alternatives existed such as a chest x-ray or sputum test.  His theory of liability rests solely on the fact that defendants Collins and Timmerman-Cooper had supervisory

authority over those defendants who were involved in the allegedly unconstitutional conduct.  The fact that defendants Collins and Timmerman-Cooper may have been aware of problems with the delivery of health care services to inmates at LCI in general is likewise insufficient to establish liability under §1983.  For these reasons, the Court recommends that the motion for judgment on the pleadings be granted.

V. <u>Defendants' Motion for Summary Judgment</u>

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed.R.Civ.P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which

it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

Defendants Gray and Harper have moved for summary judgment on the basis that Mr. Thomas cannot establish a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. In addition, defendants Gray and Harper advance two alternative arguments in the event that a constitutional violation can be shown. First, they contend that Mr. Thomas suffered no physical injury and, therefore, cannot bring this action under the Prison Litigation Reform Act. Second, they maintain that the doctrine of qualified immunity protects them from liability for monetary damages. The motion does not address any state law claims Mr. Thomas may be asserting such as battery (first claim) and medical malpractice (third claim).

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health. Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991). In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ." Id. at 837. Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id. Prison officials who know of a substantial risk to the health or safety of an inmate are free

from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

Mr. Thomas' first claim alleges that defendants Smith, Gray, and Harper forced him to undergo a medical test to which he was allergic. Mr. Thomas has not come forward with any evidence that these defendants applied force maliciously and sadistically for the purpose of causing him harm. See Hudson v. McMillian, 503 U.S. 1 (1992)(core inquiry in Eighth Amendment excessive force claim is whether force was applied in good-faith effort to maintain discipline or maliciously and sadistically to cause harm). The record, in fact, is devoid of any use of physical force and suggests that the defendants merely threatened to place him in the "hole" if he refused. Mr. Thomas also has failed to demonstrate that the TB testing at LCI is not reasonably related to a legitimate penological goal. See Washington v. Cambra, 165 F.3d 920 (table), 1998 WL 840946 at *1 (9th Cir. Nov. 23,1998). The Court, therefore, concludes that count one of Mr. Thomas' complaint does not state a viable Eighth Amendment claim.

In his third claim, Mr. Thomas alleges that defendants Smith and Gray committed medical malpractice in falsifying his medical records and committed gross negligence and dereliction of duty in failing to keep accurate data concerning his prior allergic

reaction to the TB shot.  Medical malpractice, however, is not a constitutional violation merely because the patient is an inmate. Estelle, supra.  Nor does the falsification of medical records, even if proven, constitute a separate Eighth Amendment claim. See Van Riper v. Wexford Health Sources, Inc., 67 Fed.Appx. 501, 504 (10th Cir. 2003).  Lastly, to be "deliberately indifferent" to a prisoner's serious medical needs requires "a sufficiently culpable state of mind rising above negligence, or even gross negligence and ... tantamount to intent to punish." Hix v. Tennessee Dept. of Corrections, 196 Fed.Appx. 350, 355 (6th Cir. 2006)(internal quotation marks and citations omitted).  See also Gazette v. City of Pontiac, 41 F.3d 1061, 1066 (6th Cir. 1994)(gross negligence not actionable under §1983).  For these reasons, count three of the complaint likewise does not state a viable Eighth Amendment claim.

It is in his second claim that Mr. Thomas alleges that defendants Smith, Gray, and Harper were deliberately indifferent to his medical needs when they refused to give him alternative testing for TB.  In their motion for summary judgment, defendants Gray and Harper argue that Mr. Thomas cannot show that receiving the TB shot was an excessive risk to his health and safety.  They further contend that, even if Mr. Thomas suffered an allergic reaction to the test, there is no evidence that they knew of, and disregarded, that risk.

With respect to the first component of his Eighth Amendment claim, Mr. Thomas alleges that his allergic reaction to the TB test resulted in soreness, a burning sensation, pain and swelling in his right arm, a skin rash, and a week-long headache.  For the purposes of this motion only, the Court assumes that this allergic reaction constitutes a serious medical condition.  The Court will review the summary judgment record, then, to determine whether a genuine issue of material fact exists regarding the

defendants' alleged deliberate indifference to Mr. Thomas' health.

The Court finds that there is a genuine issue of fact concerning whether Mr. Thomas' previous reactions to the TB shot during his incarceration at facilities other than LCI were documented in his prison file. Defendants Gray and Harper deny that the file contained any record indicating that he was allergic to the TB shot, and their assertion is supported by the Declaration of Kristine Rumer, the current health care administrator at LCI. On the other hand, the Chief Inspector, in resolving Mr. Thomas' grievance, found that the medical staff made an error in reviewing his file regarding the need for TB testing. To remedy this error, the TB testing process at LCI was reviewed and corrections made to ensure better screening of inmates who are "past positive." See Attachments to Declaration of Lewis Thomas, III.

That a factual dispute exists, however, will not preclude summary judgment unless the dispute is material to the plaintiff's claim. In this case, Mr. Thomas has come forward with evidence that demonstrates that defendants Gray and Harper erred in not allowing him to undergo alternative TB testing. The most that can be said is that these defendants were negligent in reviewing Mr. Thomas' medical file. See Escoe v. Wankum, 21 F.3d 432 (table), 1994 WL 131726 at *1 (8th Cir. Apr. 14, 1994). This is insufficient to establish an Eighth Amendment violation. Furthermore, Mr. Thomas' allegation that his medical records were falsified is not supported by any evidence and is merely conclusory.

If defendants Gray and Harper had examined the plaintiff's medical records more thoroughly and discovered that he had suffered an allergic reaction to the TB shot in the past, there is still no evidence that they would have understood the

-11-

seriousness of any risk to Mr. Thomas' health by coercing him into taking the TB shot on this occasion. Mr. Thomas has failed to point to anything in the record concerning his previous reactions which would have indicated to them that he might suffer a serious reaction.

Accordingly, the Court concludes that there are no genuine issues of material fact concerning whether defendants Gray and Harper displayed deliberate indifference to Mr. Thomas' medical needs and that these defendants are entitled to judgment on his Eighth Amendment claim as a matter of law. The Court, therefore, recommends that their motion for summary judgment be granted. This recommended disposition makes it unnecessary to consider the defendants' alternative arguments that this action is barred by the PLRA or that they are entitled to qualified immunity.

## VI. Conclusion

Based on the foregoing reasons, the Court denies Mr. Thomas' motions to compel (#28) and to strike (#37). The Court recommends that the motion for judgment on the pleadings filed by defendants Collins and Timmerman-Cooper (#30) and the motion for summary judgment filed by defendants Gray and Harper (#36) be granted insofar as these motions relate to Mr. Thomas' Eighth Amendment claims. Should the District Court adopt this Report and Recommendation, the motion to stay discovery filed by defendants Collins and Timmerman-Cooper (#31) will be moot. The Court further recommends, in the event this Report and Recommendation is adopted and all federal claims are dismissed, that the District Court exercise its discretion to dismiss any state-law claims without prejudice. Lastly, the Court recommends that all claims against defendant Smith be dismissed either because she has not been served with the complaint or for the same reasons which support dismissal of the claims against defendants Gray and Harper.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge