IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lewis Thomas, III,               :

    Plaintiff,                :

  v.                             :   Case No. 2:08-cv-938

Karen Smith, et al.,             :   JUDGE MARBLEY

    Defendants.               :

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 22, 2010 (#40). The Magistrate Judge denied the motion to compel discovery (#28) and the motion to strike (#37) filed by plaintiff Lewis Thomas III. In addition, the Magistrate Judge recommended that this Court grant the motion for judgment on the pleadings filed by defendants Terry Collins and D. Timmerman-Cooper (#30) and the motion for summary judgment filed by defendants Michele Gray and Mark Harper (#36). On February 2, 2010, Mr. Thomas filed a timely objection (#42) only with respect to the recommended disposition of the summary judgment motion. For the following reasons, the Court will overrule Mr. Thomas' objection and adopt the Report and Recommendation in its entirety, including the Magistrate Judge's denial of the plaintiff's nondispositive motions.

### I. STANDARD OF REVIEW

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

## II. DISCUSSION

Mr. Thomas asserts that the Magistrate Judge committed numerous errors in determining that the defendants' summary judgment motion should be granted. The Court will examine each contention raised by Mr. Thomas in turn and will review de novo those portions of the Magistrate Judge's recommended disposition to which Mr. Thomas has objected.

A. Refusal of Magistrate Judge to Grant Rule 56(f) Continuance

Mr. Thomas initially complains that the Magistrate Judge made his determination without requiring the defendants to comply with discovery. He further asserts that the Magistrate Judge compounded this error by refusing to continue the summary judgment proceedings until such time as he had an adequate opportunity to obtain the discovery needed to defend against the defendants' motion.

The record reflects that the Magistrate Judge denied Mr. Thomas' motion to compel in the Order and Report and Recommendation. Mr. Thomas does not seek reconsideration of that order, but as previously noted, challenges only the recommended disposition of the motion for summary judgment filed by defendants Harper and Gray. Had Mr. Thomas specifically objected to the denial of his motion to compel, the Court would not, however, have set the order aside since the Magistrate Judge's order was neither clearly erroneous or contrary to law. See Fed.R.Civ.P. 72(a).

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part that the court may deny a motion for summary judgment if the nonmoving party "shows by affidavit that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed.R.Civ.P. 56(f). In this case, however, Mr. Thomas made no effort to comply with Rule 56(f). He did not

-2-

request a continuance of the summary judgment proceedings and did not submit an affidavit that detailed the discovery he allegedly needed.  In the absence of such an affidavit, there is no justification for granting a Rule 56(f) continuance.  <u>Wallin v. Norman</u>, 317 F.3d 558, 564 (6th Cir. 2003).  <u>See</u> <u>also</u> <u>United States v. Dairy Farmers of America, Inc.</u>, 426 F.3d 850, 863 (6th Cir. 2005)(court did not abuse its discretion in denying government's motion under Rule 56(f) where government failed to satisfy at least two of the rule's requirements).  Furthermore, the Magistrate Judge eliminated any basis for granting a Rule 56(f) continuance when he denied Mr. Thomas' motion to compel.  <u>See</u> <u>Commerce Benefits Group, Inc. v. McKesson Corp.</u>, 326 Fed.Appx. 369, 377 (6th Cir. 2009).

B. <u>Magistrate Judge's Decision on Excessive Use of Force Claim</u>

Mr. Thomas' second objection consists of his argument that the Magistrate Judge improperly addressed questions regarding a use of force claim despite the fact that he had never raised such a claim.  Mr. Thomas makes clear in his objection that the defendants at no time used excessive force or any physical force against him.  Rather, he claims that the defendants coerced him into complying with the tuberculosis skin test by threatening to place him in the hole if he refused.  According to him, the defendants are therefore guilty of coercion, a misdemeanor of the second degree.  <u>See</u> Ohio Rev. Code §2905.12.  Mr. Thomas seems to assert that by committing this offense, the defendants were deliberately indifferent.

The Court cannot see how the Magistrate Judge's finding that Mr. Thomas did not come forward with any evidence to support an excessive use of force claim prejudiced him when he disavows even raising such a claim.  The Court also finds no support for Mr. Thomas' argument that the defendants are guilty of coercion as defined by the Ohio Revised Code.  He clearly lacks standing to assert such a claim.  <u>See</u> <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)(individual has no cognizable interest in the

prosecution or nonprosecution of another). But even if the defendants were guilty of this offense, that fact alone would not establish that they were deliberately indifferent to Mr. Thomas' serious medical needs. See Mack v. Campbell, 948 F.2d 1289 (table), 1991 WL 243569 at *1 (6th Cir. Nov. 21, 1991)(refusal to cooperate with tuberculosis screening test justified placement of inmate in administration segregation). Accordingly, Mr. Thomas' second objection has no merit.

C. <u>Finding that Defendants Were not Deliberately Indifferent</u>

In his third objection, Mr. Thomas disagrees with the Magistrate Judge's finding that he failed to demonstrate that the tuberculosis testing at the London Correctional Institution was not reasonably related to a legitimate penological objective. He also disagrees with the Magistrate Judge's conclusion that the defendants were, at most, negligent in reviewing Mr. Thomas' medical file. Mr. Thomas further contends that the Magistrate Judge, in making that determination improperly applied the decision in <u>Escoe v. Wankum</u>, 21 F.3d 432 (table), 1994 WL 131726 at *1 (8th Cir. Apr. 14, 1994), to the facts of this case.

The record reflects that Mr. Thomas was tested pursuant to DRC Policy 68-MED-04 which requires an annual skin test on each inmate for the tuberculosis bacterium unless such inmate is otherwise exempt. See Declaration of Kristine Rumer ¶4. Courts, including this one, have found that because tuberculosis is a highly contagious and deadly disease, the detection and containment of TB is a legitimate penological goal. See <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997); <u>Mack</u>, 1991 WL 243569 at *1; <u>Hasenmeier-McCarthy v. Rose</u>, 986 F.Supp. 464, 468 (S.D. Ohio 1998). The policy adopted by the ODRC appears to further that objective. In fact, the failure to adopt such a policy may result in a finding of deliberate indifference to the inmates' serious medical needs. See <u>DeGidio v. Pung</u>, 920 F.2d 525, 528-33 (8th Cir. 1990).

The Court, therefore, concludes that the Magistrate Judge's

finding that Mr. Thomas failed to show that the TB testing at LoCI was not related to a legitimate penological objective is not erroneous. The Court also rejects Mr. Thomas' argument that the Magistrate Judge misapplied the decision in Escoe, supra. While the tuberculosis testing and prevention program at the correctional center in Escoe was not implemented until after an outbreak of the disease in 1990, the Court is not inclined to hold that prisons must await an outbreak of the disease before adopting preventative measures. Escoe's importance here lies in the court's reasoning that the defendants were at most negligent, and not deliberately indifferent, in refusing to rely on the plaintiff's claim he was allergic to the test. Mr. Thomas fails to call into question that reasoning.

Finally, Mr. Thomas claims for the first time that giving an inmate who has a prior past positive reaction a TB skin test another such test can lead not only to redness, soreness, or an open lesion, but also to the disease itself. However, he has not come forward with any medical evidence to support this claim or that the defendants were aware of this risk. Without such evidence, he cannot show that the defendants were deliberately indifferent to his serious medical needs.

D. Magistrate Judge's Ruling on Falsification of Records Claim

Lastly, Mr. Thomas challenges the Magistrate Judge's finding that he failed to produce any evidence to support his allegation that the defendants had falsified his medical records. However, the objection itself actually supports the Magistrate Judge's finding. Mr. Thomas states that the decision of the Chief Inspector for the Ohio Department of Correction and Rehabilitation found that the medical staff erred in reviewing his medical file as to the need for tuberculosis testing. He then goes on to say that "the facts of this case are clear that defendants Smith, Gray, and Harper did not review plaintiff['s] files but instead stated records [do] not show plaintiff being past positive." This statement flatly contradicts Mr. Thomas'

claim that the defendants falsified his medical records.

III. CONCLUSION

Based on the foregoing reasons, the Court overrules Mr. Thomas' objection (#42) and adopts the Report and Recommendation (#40) in its entirety, including the Magistrate Judge's denial of plaintiff's motions to compel (#28) and to strike (#37). The Court grants the motion for judgment on the pleadings filed by defendants Collins and Timmerman-Cooper (#30) and the motion for summary judgment filed by defendants Gray and Harper (#36) insofar as these motions relate to Mr. Thomas' Eighth Amendment claims. The Court denies the motion to stay discovery filed by defendants Collins and Timmerman-Cooper (#31) as moot. In light of the fact that all federal claims against these four defendants have been dismissed, the Court exercises its discretion to dismiss without prejudice any state-law claims asserted by Mr. Thomas against them. The Court further dismisses all claims against defendant Karen Smith not only because she has not been served with the complaint, but also for the same reasons which support dismissal of the claims against defendants Gray and Harper. The Clerk shall terminate this action.

 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge